# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

LORRI FRIAR                                                                                          PLAINTIFF

v.                                               3:18cv00190-BSM-JJV

KEITH BOWERS, Administration,
Craighead County Detention Center; *et al.*                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.       The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.       INTRODUCTION

Lorri Friar ("Plaintiff") is incarcerated at the Craighead County Detention Center and filed this action *pro se* pursuant to 42 U.S.C. § 1983.  (Doc. No. 1.)  She sued the Craighead County Detention Center ("Detention Center") and multiple Detention Center employees.  (Doc. Nos. 1, 4.)  She makes excessive force and conditions of confinement claims, among others.  (Doc. Nos. 1, 4.)  Plaintiff seeks damages and "justice for all amputees," as well as other relief.  (Doc. No. 4, at 6.)  After careful review of Plaintiff's Complaint, as amended (Doc. Nos. 1, 4) ("Complaint"), I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II.      SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be

granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

As a part of the screening process, on November 13, 2018 I notified Plaintiff that the claims in her original Complaint were deficient. (Doc. Nos. 1, 7.) Plaintiff was given thirty (30) days to cure the original Complaint's defects by filing a superseding Second Amended Complaint; a blank 42 U.S.C. § 1983 was mailed to her. (Doc. No. 7, at 3-4.) She was cautioned that if she did not file a Second Amended Complaint within thirty (30) days, her claims could be dismissed without prejudice. (*Id*. at 3.) Plaintiff has not filed a Second Amended Complaint and the time for doing so has passed. Plaintiff's Complaint is deficient for the reasons set out below and should be dismissed.

### A. Craighead County Detention Center Not "Person" Subject to Suit

Plaintiff sued the Craighead County Detention Center, but the Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See Da La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001). Accordingly, her claims against the Detention Center should be dismissed.

### B. Defendants Bowers, Casey, Sherry, and Rayanne

Plaintiff included no allegations against Defendants Bowers, Casey, Sherry, or Rayanne. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "[V]icarious liability is inapplicable to . . . § 1983 suits[;] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Because Plaintiff did not plead any facts against Defendants Bowers, Casey, Sherry, or Rayanne, her claims against them fail. *See Bell Atlantic Corp.*, 550 U.S. at 570.

### C. Allegations Not Directed at Any Specific Defendant

Plaintiff also makes allegations against "the jail" or individuals she identifies only as "they." For example, she maintains that "they" refuse to wash my delicates. (Doc. No. 4, at 4). Because liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights, Plaintiff's allegations against unspecified individuals fail to state a claim on which relief may be granted. *Madewell*, 909 F.2d at 1208.

### D. Defendants Black, Gibson, Selinaes, Edwards, and Does

Plaintiff's remaining allegations are against Defendants Black, Gibson, Selinaes, Edwards, and Does. Plaintiff did not indicate in her Complaint whether she was suing Defendants in their

official capacities, personal capacities, or both capacities (Doc. Nos. 1, 4). Unless a complaint contains "a clear statement that officials are being sued in their personal capacities," the court interprets the complaint as bringing only official capacity claims. *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). I informed Plaintiff that her Second Amended Complaint should specify the capacity in which she was suing Defendants. (Doc. No. 7, at 3.) Again, Plaintiff has not filed a Second Amended Complaint. Because there is no clear statement in Plaintiff's Complaint that she is suing Defendants in their personal capacity, I treat her claims as official capacity claims.

Plaintiff alleges that the Doe Defendants held her down and cut off her prosthesis. (Doc. No. 1.) She further alleges that Defendant Black cursed at her, never examined her leg, and was medically negligent; Defendant Edwards responded to Plaintiff's complaints with "no"; Defendants Gibson and Selinaes did not give her a 42 U.S.C. § 1983 form when she asked for one; and Defendant Selinaes allowed a male inmate into her cell. (Doc. Nos. 1, 4.) Plaintiff's claims against Defendants Black, Gibson, Selinaes, Edwards, and Does—all apparently Detention Center employees—are the equivalent of claims against Craighead County. A local government may not be held liable under § 1983 on a *respondeat superior* theory. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). To establish municipal liability, Plaintiff had to identify a municipal policy, practice, or custom that was the moving force behind the alleged violation of her rights. *See Johnson v. Blaukat*, 453 F.3d 1108, 1114 (8th Cir. 2006). But she did not. (Doc. Nos. 1, 4.) Plaintiff's allegations are disturbing, but without having pled policy, practice, or custom, her claims fail and should be dismissed.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. Nos. 1, 4) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 14th day of December 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."